JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Eric Huff appeals from his convictions for possession of drugs in violation of R.C. 2925.11 with a major drug offense specification; preparation of drugs for sale in violation of R.C. 2925.07, with a major drug offense specification; and, possession of criminal tools in violation of R.C. 2923.24. Subsequent to the jury's finding of guilt, the appellant was sentenced by the trial court to a total term of incarceration of eleven years.
 {¶ 2} On September 6, 2000, Cleveland Police Officer Fabian Henderson arrested the appellant. Officer Henderson was assigned to traffic control duties on Fullerton Avenue in Cleveland, Ohio. The radar clocked the appellant traveling at 39 M.P.H. in a 25 M.P.H. zone. Officer Henderson activated his overhead lights and pulled the appellant over to the curb. In the process of pulling over, the appellant struck the curb with his tires. Officer Henderson testified that unless a driver is intoxicated or has a medical condition, this was an unusual occurrence.
 {¶ 3} Upon approaching the appellant, the officer first inquired as to the appellant's well being. The appellant stated that he was okay. Officer Henderson next asked if the speedometer was working. The appellant responded that he did not know because it was not his vehicle and indicated to the officer that he was unaware of the speed he was traveling. The appellant informed the officer that his driver's license was suspended and asked the officer to give him a break. Officer Henderson informed the appellant that he was going to be placed under arrest for driving with a suspended license. The appellant was handcuffed, searched for weapons, and placed in the rear seat of officer Henderson's police vehicle. When asked, the appellant informed the officer of his correct name, date of birth and social security number. Officer Henderson verified this information. The appellant was at all times compliant with officer Henderson's requests. The vehicle driven by the appellant was registered to Brian Baker.
 {¶ 4} Cleveland Police Officer Timothy Russell and his K-9 partner, Beau, happened to be in the area and responded to the scene within a minute. Initially, Beau was left in officer Russell's police vehicle. Officer Russell was present when officer Henderson patted the appellant down for weapons. Officer Henderson asked the appellant if he had anything on him that "he should not have." The appellant initially responded in the negative, but when officer Russell stated that he could smell marijuana, the appellant admitted that there might be "a couple of blunts" in the vehicle. Officer Russell testified that blunts, or roaches, are nearly smoked marijuana filled cigars. Officer Russell then asked the appellant for permission for he and his partner to search the vehicle. The appellant responded, "I don't give a shit." (T. 71). The appellant was not informed at that time that officer Russell's partner was a canine. Beau uncovered 267.23 grams of heroine underneath the front driver's seat of the vehicle.
 {¶ 5} Detective Sammy Morris testified that during a conversation with the appellant, the appellant indicated that he was delivering the heroin for Brian Baker (T. 115). The appellant was unable to recall where Mr. Baker resided, but did recall that he obtained the heroin from a garbage bin in a storage locker in Bedford Heights. Based upon this information a search warrant was obtained for and executed on the self-storage unit in Bedford Heights. Access was gained with a key obtained from the appellant.
 {¶ 6} Cleveland Police Officer Patrick Andrejacak and his partner Brian Curry were present at the execution of the search warrant along with officer Russell and Beau. Officer Andrejacak testified that the purpose of going to Bedford Heights was to execute a search warrant obtained due to the appellant's information that drugs were kept at a public storage facility. The appellant accompanied the officers in order to identify the specific locker from which he had retrieved the heroin (T. 92). Officer Russell and Beau arrived at the location and began a search of the exterior doors. Beau alerted to the outside of the very door identified by the appellant. The locker was opened with a key. Upon entry into the unit, Beau alerted to a large plastic garbage can.
 {¶ 7} Detective Morris testified that a receipt for the storage locker was obtained from the appellant. The receipt was made out to Venus Flowers, was for $95 in rent, and was dated November 1, 2000. The address indicated on the receipt was the same address given by the appellant as his place of residence. The appellant would not respond to detective Morris' questions regarding Venus Flowers.
 {¶ 8} The appellant asserts six assignments of error.
 The first assignment of error: {¶ 9} "APPELLANT'S CONSTITUTIONAL RIGHT TO REMAIN SILENT AND NOT TESTIFY ON HIS OWN BEHALF WAS VIOLATED WHEN THE PROSECUTOR ARGUED THAT HE SHOULD HAVE TESTIFIED."
 {¶ 10} The appellant asserts that his constitutional right to remain silent was abridged by the prosecutor during closing argument when the prosecutor alluded to his failure to provide information regarding Brian Baker.
 {¶ 11} During the final closing argument the prosecutor stated:
 {¶ 12} "Ladies and gentlemen, Eric Huff, on September 6th of 2000 knew what he was doing. He was conducting business for Brian Baker. He was transporting some drugs for Brian Baker. Brian Baker is a mystery man to all of us. Would we like to know who he is? Yes, we would, but unfortunately there is only one person in the world who knows him.
 {¶ 13} "MR. MANCINO: Objection
 {¶ 14} "MS. HILOW: Who knows him, and we don't have a lot of information on him.
 {¶ 15} "THE COURT: Overruled." (T. 203-204).
 {¶ 16} The record reveals that although counsel did object, no curative instruction was requested.
 {¶ 17} In State v. Turner (November 29, 2001), Cuyahoga App. No. 78520, unreported, this court noted that the Ohio Supreme court held that the test for prosecutorial misconduct is whether remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused. State v. Cornwell (1999), 86 Ohio St.3d 560, State v. Smith
(1984), 14 Ohio St.3d 13. The Cornwell Court found the touchstone of analysis is the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940,947, 71 L.Ed.2d 78, 87.
 {¶ 18} The Ohio Supreme Court has also stated that the conduct of a prosecuting attorney during trial cannot be made a ground of error unless the conduct deprives the defendant of a fair trial. State v.Keenan (1993), 66 Ohio St.3d 402, citing to State v. Apanovitch (1987),33 Ohio St.3d 19. See also State v. Iacona (2001), 93 Ohio St.3d 83. InState v. Treesh (2001), 90 Ohio St.3d 460, the court reiterated that the prosecution is entitled to a certain degree of latitude in summation.Treesh, citing to State v. Grant (1993), 67 Ohio St.3d 465, 482 and Statev. Liberatore (1982), 69 Ohio St.2d 583, 589. A prosecutor may draw reasonable inferences from the evidence presented at trial, and may comment on those inferences during closing argument. State v. Smith
(1997), 80 Ohio St.3d 89. In Treesh, supra, the court stated that the state's closing argument must be viewed in its entirety to determine whether the allegedly improper remarks were prejudicial.
 {¶ 19} In the case sub judice, there was testimony from the police officers that the appellant identified Brian Baker as the owner of the vehicle he was driving and as the person for whom he retrieved the drugs. The state's recounting of this evidence in summation was appropriate. Likewise, the prosecutor's statement that not much information was known about Brian Baker was warranted. However, the state added one questionable sentence when stating that there is only one person in the world who knows Brian Baker. Assuming arguendo, that this one sentence was beyond the bounds of permissibility, a review of the state's closing argument in its entirety clearly demonstrates that the appellant was not denied a fair trial. This one very limited comment by the prosecutor was not of such magnitude as to deny the appellant due process.
 {¶ 20} The appellant's first assignment of error is overruled.
 The second assignment of error: {¶ 21} "TRIAL COURT ERRED IN OVERRULING MOTION TO SUPPRESS."
 {¶ 22} The appellant asserts that the trial court erred in denying his motion to suppress the heroin because the evidence was obtained without his voluntary consent. The appellant also argues that he was not informed of his Miranda rights at the time of his arrest and that any consent to the search of the vehicle the appellant was driving should not be considered voluntary. The appellant also posits that he was deceived when the officers failed to inform him that officer Russell's partner was K-9 officer Beau.
 {¶ 23} This court notes that at a suppression hearing, as at trial, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact. Treesh, supra. As this court held inState v. Delagraza (2001), 144 Ohio App.3d 474, appellate courts should give great deference to the judgment of the trier of fact. We are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id.
 {¶ 24} The Ohio Supreme Court has recently determined that when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. State v.Murrell, 94 Ohio St.3d 489, 2002-Ohio-1483, 764 N.E.2d 986.
 {¶ 25} In the matter at hand, the trial court found at the conclusion of the suppression hearing that the appellant was justifiably under arrest and was then placed in the police cruiser. The court concluded that it was happenstance that a K-9 unit responded to the scene and that nothing was improper about the subsequent search of the vehicle by the police dog.
 {¶ 26} Based upon the Supreme Court's holding in Murrell, supra, the appellant's consent to the search was unnecessary. The trial court therefore properly overruled the appellant's motion to suppress. Additionally, a factual finding supported by the evidence was made that the appearance of the K-9 team on the scene was happenstance. This court will not reverse this factual finding.
 {¶ 27} The appellant's second assignment of error is overruled.
 The third assignment of error: {¶ 28} "APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN DETECTIVE MORRIS WAS ALLOWED TO TESTIFY TO MORE STATEMENTS ALLEGEDLY MADE BY APPELLANT THAN WHAT WAS REVEALED TO DEFENSE COUNSEL IN PRE-TRIAL DISCOVERY."
 {¶ 29} The appellant argues that detective Morris was permitted by the trial court to testify to statements made by the appellant during a custodial interview which were not disclosed to counsel in pre-trial discovery.
 {¶ 30} The record reveals that on December 14, 2000, the prosecution filed its response to the appellant's request for discovery pursuant to Crim.R. 16. The response states that the appellant made no written statement, but that he did make the following oral statement:
 {¶ 31} "DEFENDANT STATED: Yeah, probably a couple of marijuana roaches.
 {¶ 32} "IN RESPONSE TO REQUEST TO SEARCH DEFENDANT STATED: `Na, Go ahead, I don't give a shit.'"
 {¶ 33} Defendant stated that he was picking up the heroine for Brian Baker from a storage locker in Bedford Heights.
 {¶ 34} At trial, which commenced on June 25, 2001, the appellant objected to the testimony of detective Morris regarding the appellant's statements. The trial court considered the issue out of the hearing of the jury. After hearing the proposed testimony of detective Morris, the court ruled that the testimony was admissible because the only addition to the appellant's statement was that the heroin was located in a garbage can within the storage locker. The trial court found that this was not a material deviation.
 {¶ 35} The admission or exclusion of evidence lies within the trial court's sound discretion and will not be overturned absent a finding of an abuse of discretion. State v. Semenchuk (Feb. 21, 2001), Cuyahoga App. No. 79523, unreported. An abuse of discretion is defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error of judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Evidentiary rulings made by the court during a trial are reviewed under the abuse of discretion standard.
 {¶ 36} In this case, this court finds no abuse of discretion on the part of the trial court. The appellant was provided sufficient pre-trial discovery to enable him to formulate his defense, thus, no prejudice accrued from the deletion of the specific location of the heroin within the storage locker.
 {¶ 37} The appellant's third assignment of error is overruled.
 The fourth assignment of error: {¶ 38} "APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN DETECTIVE MORRIS WAS ALLOWED TO TESTIFY AS TO STATEMENTS ALLEGEDLY MADE BY DEFENDANT WITHOUT APPELLANT HAVING FIRST BEEN ADVISED OF HIS MIRANDA RIGHTS."
 {¶ 39} The appellant asserts that the statements made to detective Morris were inadmissible because the appellant was never advised of his constitutional right to remain silent as required under Miranda v.Arizona (1996), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
 {¶ 40} A perusal of the transcript reveals that detective Morris stated that the appellant was advised of his rights (T. 136), thus, there was no abridgement of the appellant's constitutional rights. Assumingarguendo, that any error occurred during the questioning of the appellant at the scene, the record reflects that the statements made to officer Henderson were substantially the same as those made to detective Morris. The harmless error doctrine is applicable to Miranda violations. NorthRoyalton v. Smyth (May 13, 1999), Cuyahoga App. No. 74029, unreported, citing to Arizona v. Fulminante (1991), 499 U.S. 279, 111 S.Ct. 1246,113 L.Ed.2d 302.
 {¶ 41} The appellant's fourth assignment of error is overruled.
 The fifth assignment of error: {¶ 42} "APPELLANT WAS DENIED DUE PROCESS OF THE LAW WHEN HE WAS SUBJECTED TO DOUBLE PUNISHMENTS WITHOUT A REQUISITE FINDING BY THE JURY. (Tr. 239)."
 {¶ 43} The appellant states he was subjected to double punishment when the trial court imposed a one-year sentence on the major drug specification absent a jury determination that he was guilty of the major drug offense specification.
 {¶ 44} R.C. 2925.03(C)(6)(g) sets forth the sentencing provisions applicable herein:
 {¶ 45} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 46} "* * *
 {¶ 47} "(6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of trafficking in heroin. The penalty for the offense shall be determined as follows:
 {¶ 48} "* * *
 {¶ 49} "(g) If the amount of the drug involved equals or exceeds two thousand five hundred unit doses or equals or exceeds two hundred fifty grams and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in heroin is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code."
 {¶ 50} Once more, a review of the record indicates that the appellant is not correct in his assertions of the facts. The verdict forms submitted to the jury show that the jury determined that the appellant was guilty of count one, possession of drugs in violation of R.C. 2925.11
and that the jury made the further finding that the controlled substance was heroin, in an amount more than 250 grams. Similarly, on count two, preparation of drugs for sale in violation of R.C. 2925.07, the jury found the appellant guilty and further found that the controlled substance was heroin, in an amount more than 250 grams.
 {¶ 51} The jury made the specific finding that the appellant controlled more than 250 grams of heroin, the amount necessary under R.C. 2925.03(C)(6)(g) to find the appellant to have committed a major drug offense. This finding triggered the appellant's classification as a major drug offender. State v. McCoy (Nov. 9, 2001), Hamilton App. Nos. C-000659, C-000660, unreported. The trial court herein properly sentenced the appellant in accordance with the jury's findings.
 {¶ 52} The appellant's fifth assignment of error is overruled.
 The sixth assignment of error: {¶ 53} "APPELLANT WAS DENIED EQUAL PROTECTION OF THE LAW BY BEING SUBJECTED TO A DISPARATE, MORE SEVERE PENALTY FOR POSSESSING RATHER THAN PREPARING DRUGS FOR SALE."
 {¶ 54} The appellant argues that he was denied equal protection of the law based on the legislature's decision to impose a more stringent sentence upon those found guilty of preparing drugs for sale as opposed to those found guilty of possession of drugs.
 {¶ 55} In State v. Casalicchio (Feb. 14, 20023), Cuyahoga App. No. 79431, unreported, this court considered an analogous argument made with regard to sentencing for preparation for sale of marijuana, less than 200 grams, in violation of R.C. 2925.07, a fifth degree felony, and possession of marijuana, less than 200 grams, in violation of R.C. 2925.11, a minor misdemeanor. This court held:
 {¶ 56} "Even a cursory reading of the statutes indicates that the offenses are markedly different — one involving the preparation and distribution of marijuana for sale and the other involving strictly the possession of marijuana. Accordingly, no equal protection or due process rights are implicated by the two statutes."
 {¶ 57} The appellant now presents the same argument, albeit concerning different subsections of R.C. 2925.11 and R.C. 2925.07, and the resolution of the issue given by this court in Casalichio
remains sound.
 {¶ 58} The appellant's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).